UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STATE OF OKLAHOMA, | ) | |
| TIM HARRIS, District Attorney, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0528-CVE-FHM |
| | ) | |
| 1983 PORSCHE | ) | |
| VIN: WPOAA094XDN452330, | ) | |
| TAG: 08 OK BHX-923, and | ) | |
| TWO HUNDRED NINETY-NINE | ) | |
| DOLLARS ($299.00), | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| KARLA KIGHT, Individually and as | ) | |
| Parent and Next Friend of C.C., a minor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF OWASSO, | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## OPINION AND ORDER

On September 16, 2008, the Court ordered third-party defendant City of Owasso ("the City")

to show cause why this case should not be remanded to the District County of Tulsa County, because

the removal statutes, 28 U.S.C. §§ 1441-1447, do not specifically authorize third-party removal and

the Tenth Circuit has not recognized a right of third-party defendants to remove an otherwise non-

removable case to federal court based on claims in a third-party complaint. Dkt. # 11  The City filed

a response (Dkt. # 14) to the Court's order to show cause asserting that removal was proper.

Defendant Karla Kight has also filed a response asking the Court to remand this case to state court.

On March 24, 2008, the State of Oklahoma, through Tulsa County District Attorney Tim Harris, filed a notice of seizure and forfeiture notifying C.C., a minor, and all other interested parties that the State intended to seize a 1983 Porsche and $299 recovered during an arrest on February 27, 2008.  The State alleged that the property was used to "transport or conceal, or facilitate the transportation for purpose of sale or receipt of a regulated controlled dangerous substance."  Dkt. 2-5, at 1.  Karla Kight, individually and in her capacity as C.C.'s parent, filed a third-party complaint against the City under the Oklahoma Governmental Tort Claims Act, OKLA. STAT. tit. 51, § 151 et seq, and 42 U.S.C. § 1983 alleging that the property was illegally seized in violation of Oklahoma law and the Fourth Amendment of the United States Constitution.  The City, a third-party defendant, removed this case to federal court based on the inclusion of a federal claim in Kight's third-party complaint.

The Court reviewed the notice of removal and ordered the City to show cause why this case should not be remanded to the District Court of Tulsa County.  The Court could not find any Tenth Circuit precedent permitting removal by a third-party defendant and the weight of authority from other federal courts shows that third-party removal is strongly disfavored.  The City responds that Kight's third-party complaint states a separate and independent claim arising under federal law, and the Court should assume jurisdiction over the entire case.

The Tenth Circuit has not addressed whether a third-party defendant may remove a case to federal court under 28 U.S.C. § 1441(c).[1]  However, courts interpreting § 1441(c) have repeatedly rejected the view that third-party defendants may remove a case to federal court.  First Nat'l Bank

---

[1]     The City's asserts that "there is no Tenth Circuit authority which prohibits the removal under section 1441(c) of a case where a 'separate and independent' federal question claim has been 'joined' with otherc laims [sic]."  Dkt. # 14, at 2.  This statement does not address the Court's inquiry and the absence of Tenth Circuit precedent on particular issue does not support the City's position.

of Pulaski v. Curry, 301 F.3d 456 (6th Cir. 2002) ("Given the language of the statute and the rule that removal statutes are to be construed narrowly, we reject the view that 'joined," as used in § 1441(c), should be interpreted broadly and conclude instead that it should be interpreted narrowly to apply only to claims joined by the plaintiff in the original state court action."); Lewis v. Windsor Door Co., 926 F.2d 729 (8th Cir. 1991) ("We do not . . . believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the introduction of a third-party claim."); Thomas v. Shelton, 740 F.2d 478 (7th Cir. 1984) ( noting that "in the broad run of third-party cases, including this one, the third-party defendant cannot remove the case under section 1441(c)").  The Fifth Circuit has adopted a broader view of § 1441(c) and permits a third-party defendant to remove a case to federal court based on a separate and independent federal question claim raised in a third-party complaint.  Carl Heck Engineers, Inc. v. Lafource Parish Police Jury, 622 F.2d 133 (5th Cir.1980).[2]

---

[2]   Based on Carl Heck, some district courts within the Eleventh Circuit permit removal by third-party defendants in some circumstances.  See Southern Timber Co. v. Ellis, 2008 WL 2987198 (N.D. Ga. Aug. 1, 2008); North Star Capital Acquisitions, LLC v. Krig, 2007 WL 3522425 (M.D. Fla. Nov. 15, 2007); Price v. Alfa Mut. Ins. Co., 877 F. Supp. 597 (M.D. Ala. 1995).  However, at least one district court in the Eleventh Circuit has held that Carl Heck was overruled by amendments to § 1441(c) and has declined to follow it.  Alvarez v. Apollo Ship Chandlers, Inc., 2002 WL 31933666 (S.D. Fla. 2002).  The Eleventh Circuit has not addressed this issue, but it is possible that the Eleventh Circuit would apply Carl Heck as binding precedent and permit third-party removal.

Section 1441(c) does not expressly allow or prohibit removal by third-party defendants.  The statute provides:

> (c) Whenever an independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  Although the Tenth Circuit has not addressed the precise issue of whether a third-party defendant may remove a case to federal court based on a claim in a third-party complaint, the Tenth Circuit has provided guidance concerning how a district court should generally construe removal statutes.  There is a presumption against removal jurisdiction.  Laughlin v. Kmart Corp., 50 F.3d 871 (10th Cir. 1995).  Any statute conferring federal jurisdiction, and particularly removal statutes, must be narrowly construed "in light of our constitutional role as limited tribunals." Pritchett v. Office Depot, Inc., 420 F.3d 1090, 1094-95 (10th Cir. 2005).  If the removal statute contains an ambiguity, this Court is compelled to adopt a "reasonable, narrow construction" of the statute.  Id. at 1095.  With these general principles in mind, the Court must construe the statutory language to determine whether a third-party defendant may remove a case to federal court under § 1441(c) based only on a third-party complaint.

The City argues that, unlike § 1441(a), removal under § 1441(c) is not limited to "defendant or defendants" and, therefore, the statute does not limit removal to defendants named in the plaintiff's complaint.  It also asserts that § 1441(c) permits removal of any federal question claim "joined" with other non-removable claims, regardless of who filed the federal question claim, if the claim is separate and independent from the state law claims or causes of action.  A key assumption underlying the City's argument is that all defendants, regardless of their procedural posture, have

4

the right to a federal forum if the federal court has a legitimate basis to exercise subject matter jurisdiction over a case.

The City relies primarily on <u>State of Texas ex rel. Bd. of Regents of the University of Texas System v. Walker</u>, 142 F.3d 813 (5th Cir. 1998).  In <u>Walker</u>, the state of Texas sued a former professor at the University of Texas Health Science Center, William E. Walker M.D., concerning his retention of professional fees.  The state alleged that the Dr. Walker breached his employment contract and violated Texas law by improperly retaining professional fees that should have been paid to the university.  Dr. Walker counterclaimed against the State and the board of regents in their individual capacities, and he also named the university's president, M. David Low, as a third-party defendant.  Low was not a plaintiff and was joined solely as a third-party defendant.  Low removed the case to federal court based on federal question jurisdiction, because Dr. Walker's third-party complaint included claims under § 1983.  On appeal, the Fifth Circuit held that third-party defendants are permitted to remove a case to federal court and removal was proper.  Under Fifth Circuit precedent, the separate and independent claim requirement, when applied to a third-party defendant, "requires that the plaintiff's claims against the original defendant be 'separate and independent' from the defendant's federal claims against the removing third party defendant."  <u>Id</u>. at 817.  The Fifth Circuit also requires that the defendant's claims against the third-party defendant be based on a separate and independent factual basis from the plaintiff's claims against the defendant.  <u>Id</u>. at 817-18.

In light of Tenth Circuit precedent concerning the interpretation of removal statutes, the City's arguments based on <u>Walker</u> are not persuasive.  If the City were correct, many lawsuits involving primarily state law claims could be removed to federal court based on third-party claims

outside of the plaintiff's complaint, and this would greatly expand the jurisdiction of federal courts. NCO Financial Systems, Inc. v. Yari, 422 F. Supp. 2d 1237 (D. Colo. 2006) (concluding that the Tenth Circuit would not permit a third-party defendant to remove based only on claims raised in the third-party complaint).  The Court finds that cases such as Lewis, First National Bank, and Thomas are persuasive, and the reasoning employed in these cases is consistent with the principles established by the Tenth Circuit for interpreting removal statutes.  As noted by the Sixth Circuit, "removal statutes must be narrowly construed and . . . § 1441(c) was adopted in order to 'restrict rather than expand the scope of removal from the state courts.'"  First Nat'l Bank, 301 F.3d at 464. Section 1441(c) permits removal when a separate and independent claim is "joined" with non-removable claims.  Under Fed. R. Civ. P. 14, a third-party claim may be asserted against a non-party "who is or may be liable to it for all or part of the claim against [defendant]."  Third-party claims are ancillary to the underlying lawsuit and do not constitute separate or independent claims that permit removal of an otherwise non-removable case.  Lewis, 926 F.2d at 733; Thomas, 740 F.2d at 486.  Therefore, the most reasonable and narrow interpretation of § 1441(c) is that the term "joined" refers to claims alleged in the plaintiff's complaint only.  The City argues that Oklahoma procedural rules allow the assertion of third party claims beyond claims for derivative liability and the statutory term "joined" should be interpreted to include third-party claims properly joined under state law. See OKLA. STAT. tit. 12, § 2014 (permitting third-party claims by defendant against any "person not a party to the action . . . who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him").  This merely shows that Kight's third-party complaint was proper under Oklahoma pleading rules, but it does not support the City's

6

argument that Congress' use of the term "joined" in § 1441(c) should be interpreted to include third-party claims.

The Fifth Circuit decisions cited by the City, <u>Carl Heck</u> and <u>Walker</u>, are based on the view that a third-party defendant should not be denied the opportunity to remove due to its procedural posture as a third-party defendant. Thus, the City argues that a third-party defendant should not be denied the opportunity to remove based on a procedural technicality. Dkt. # 14, at 4. However, the Tenth Circuit has stated that plaintiffs and defendants are not equal footing when it comes to removal and removal statutes are construed in favor of remand. <u>Martin v. Franklin Capital Corp.</u>, 251 F.3d 1284, 1289-90 (10th Cir. 2001). The choice of forum is primarily up to the plaintiff and plaintiff's choice should control unless the removal statutes specifically authorize removal. <u>See</u> <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092 (11th Cir. 1994); <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062 (9th Cir. 1979). At least one court has suggested that § 1441(c) was amended to close the loophole created by <u>Carl Heck</u> and subsequent Fifth Circuit decisions, and that the Fifth Circuit's line of cases permitting third-party removal is not good law. <u>Moss Land and Mineral Corp. v. Fidelity & Cas. Co. of New York</u>, 2003 WL 21360803, at * 3 (N.D. Ala. June 6, 2003). In any event, it is clear that most courts have rejected the Fifth Circuit's rule and found that third-party defendants may not remove a case to federal court based on a federal question claim in the third-party complaint.

Construing § 1441(c) narrowly, the Court finds that the statute refers to separate and independent claims "joined" in the plaintiff's complaint and does not permit removal based upon claims raised by other parties. This view has been adopted by other courts within the Tenth Circuit and is consistent with Tenth Circuit precedent. <u>NCO Financial Systems</u>, 422 F. Supp. 2d at 1239-

7

40; <u>Radio Shack Franchise Dep't, a Div. of Tandy Corp. v. Williams</u>, 804 F. Supp. 151 (D. Kan. 1992).  Although § 1441(c) does not expressly limit removal to "defendants," as § 1441(a) does, this difference does not suggest that Congress intended to permit a third-party defendant to remove an otherwise non-removable case to federal court.  Federal courts determine the existence or absence of a federal question based on the allegations of the complaint.  <u>Turgeau v. Admin. Rev. Bd.</u>, 446 F.3d 1052, 1060 (10th Cir. 2006).  Federal question jurisdiction may not be premised on the plaintiff's anticipation that a defendant may rely on a federal defense or the defendant's assertion of a federal defense or counterclaim.  <u>Id</u>. at 1060.  By its nature, third-party claims arise after the original case is already on file and, if cases were removable based on third-party claims, a defendant could interject a federal claim into a case to create federal question jurisdiction where none existed. This is not within the spirit of the well-pleaded complaint rule or the removal statutes, and such a broad interpretation of § 1441(c) would be inconsistent with Tenth Circuit precedent.  Therefore, the Court finds that a third-party defendant may not remove a case to federal court based solely on a federal question claim alleged in a third-party complaint.

In this case, plaintiff's complaint states a forfeiture claim arising under Oklahoma law and no federal law claim is alleged in the complaint.  Although Kight's third-party complaint alleges a § 1983 claim, this is insufficient to permit removal under § 1441(c) and the case should be remanded to state court.

**IT IS THEREFORE ORDERED** that the Court Clerk is directed to **remand** this case to the District Court of Tulsa County.

**DATED** this 10th day of October, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT

8